1

1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2                          MIAMI DIVISION
                     CASE NO. 15-cr-21004-CMA
3

```
4     UNITED STATES OF AMERICA,        Miami, Florida

5              Plaintiff,              June 4, 2021

6         vs.                         10:12 a.m. to 10:24 a.m.

7     STEPHEN M. COSTA,               Courtroom 12-2

8              Defendant.              (Pages 1 to 12)

9
```

                          FINAL REVOCATION HEARING
10          BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                     UNITED STATES DISTRICT JUDGE

```
11
      APPEARANCES:
12
       FOR THE GOVERNMENT:    FRANK H. TAMEN, ESQ.
13                            Assistant United States Attorney
                              99 Northeast Fourth Street, Suite 700
14                            Miami, FL  33132-2131
                              (305) 961-9022
15                            frank.tamen@usdoj.gov

16
       FOR THE DEFENDANT:     MARC D. SEITLES, ESQ.
17                            Seitles & Litwin, P.A.
                              40 Northwest Third Street, PH 1
18                            Miami, FL  33128-1838
                              (305) 403-8070
19                            mseitles@seitleslaw.com

20     Also Present:          Lawrence Ing, USPO

21
       REPORTED BY:           STEPHANIE A. McCARN, RPR
22                            Official Court Reporter
                              400 North Miami Avenue
23                            Twelfth Floor
                              Miami, Florida 33128
24                            (305) 523-5518
                              Stephanie_McCarn@flsd.uscourts.gov
25
```

```
 1                          I N D E X

 2                           WITNESSES

 3

 4   WITNESSES FOR THE GOVERNMENT:                    Page
                                                       --
 5

 6

 7   WITNESSES FOR THE DEFENDANT:                     Page
                                                       --
 8

 9

10   EXHIBITS IN EVIDENCE                 IDENTIFIED   ADMITTED

11

12

13

14                        MISCELLANEOUS

15                                                    Page
     Proceedings.......................................    3
16   Court Reporter's Certificate.....................   12

17

18

19

20

21

22

23

24

25
```

```
 1        (The following proceedings were held at 10:12 a.m.)

 2            COURT SECURITY OFFICER:  All rise.

 3            THE COURT:  Good morning.

 4            Anyone who is vaccinated may remove your mask if you

 5   like.

 6            Please state your appearances.

 7            MR. TAMEN:  Good morning, Your Honor.  Frank Tamen

 8   representing the United States.

 9            THE COURT:  Good morning.

10            MR. SEITLES:  Good morning, Your Honor.  Marc Seitles

11   on behalf of Steve Costa, who's here present before the Court.

12            THE COURT:  Good morning.

13            Good morning, Mr. Costa.

14            THE DEFENDANT:  Good morning, Your Honor, Steve Costa.

15            THE COURT:  Good morning.

16            And from Probation?

17            PROBATION OFFICER:  Good morning, Your Honor.

18   Lawrence Ing on behalf of U.S. Probation.

19            THE COURT:  How would the parties like to proceed?

20            MR. SEITLES:  Your Honor, Mr. Costa is prepared to

21   admit to the violations of this warrant.

22            THE COURT:  Mr. Costa, please raise your right hand.

23       (The Defendant was sworn.)

24            THE DEFENDANT:  I do.

25            THE COURT:  Please state your full name.
```

```
1              THE DEFENDANT:  Stephen Manuel Costa.

2              THE COURT:  How old are you?

3              THE DEFENDANT:  Thirty-six years old.

4              THE COURT:  How old?

5              THE DEFENDANT:  Thirty-six.

6              THE COURT:  How far did you go in school?

7              THE DEFENDANT:  Some college.

8              THE COURT:  And what country are you a citizen of?

9              THE DEFENDANT:  United States.

10             THE COURT:  Have you taken any drugs or alcohol in the

11   last 48 hours?

12             THE DEFENDANT:  No, I have not.

13             THE COURT:  Do you believe that you have any mental or

14   physical condition or illness that prevents you from

15   understanding what's happening here this morning?

16             THE DEFENDANT:  No.

17             THE COURT:  Mr. Seitles, in your opinion, is your

18   client competent to enter a plea to the petition?

19             MR. SEITLES:  He is, Your Honor.

20             THE COURT:  Mr. Costa, prior to today, did you receive

21   a copy of the petition for warrant that was filed against you

22   containing two violations?

23             THE DEFENDANT:  I did.

24             THE COURT:  Have you fully discussed this petition and

25   your case in general with Mr. Seitles as your attorney?
```

1          THE DEFENDANT:  Yes, I have.

2          THE COURT:  And are you fully satisfied with the

3   counsel, the representation and the advice that you have

4   received from your attorney?

5          THE DEFENDANT:  Yes.

6          THE COURT:  So, I understand that you wish to admit

7   that you violated your supervised release, first, by submitting

8   a urine specimen that tested positive for cocaine on April 30,

9   2021, and second, by committing the same offense on May 5,

10  2021; is that correct?

11         THE DEFENDANT:  Correct.

12         THE COURT:  And I would ask the Government to advise

13  the Defendant of what his maximum possible sentence may be.

14         MR. TAMEN:  Judge, the sentencing guideline

15  recommended range is, I believe it's three to nine months for

16  this.  I think the statutory maximum is two years.  Perhaps

17  Probation, if I'm wrong, can correct me.

18         PROBATION OFFICER:  That's correct, Your Honor.

19         THE COURT:  Two years' imprisonment?

20         PROBATION OFFICER:  Yes, Your Honor.

21         THE COURT:  And the maximum supervised release to

22  follow is up to three years less any imprisonment time?

23         PROBATION OFFICER:  That's correct, Your Honor.

24         THE COURT:  Thank you.

25         Mr. Costa, do you understand what your maximum

```
 1    possible sentence may be?

 2              THE DEFENDANT:  I do.

 3              THE COURT:  Is anyone putting pressure upon you,

 4    forcing you or coercing you to admit to these violations?

 5              THE DEFENDANT:  No.

 6              THE COURT:  Has anyone made any promises or assurances

 7    in exchange for your plea admitting to these violations?

 8              THE DEFENDANT:  No, ma'am.

 9              THE COURT:  You understand that you have the right to

10    an evidentiary hearing.  At such a hearing, you would have the

11    right to be represented by an attorney.  The Government would

12    be required to bring witnesses to court who would testify in

13    your presence.  You would have the right to confront those

14    witnesses and have your attorney cross-examine them.

15              You would have the right to bring witnesses of your

16    own to testify in your defense.  And if those witnesses did not

17    wish to come to court, you could use the court's compulsory

18    process to get them here.

19              You would have the right to testify and have me

20    consider your testimony like I would that of any other witness

21    in the case, and you would have the right to take an appeal

22    from an adverse decision.

23              Do you understand by admitting to these violations,

24    you give up your right to that evidentiary hearing, you give up

25    your right of having the Government prove the violations to me
```

1    by the greater weight of the evidence, and you give up your

2    right to appeal of an adverse decision?

3              THE DEFENDANT:  Correct.

4              THE COURT:  It is the finding of the Court that the

5    Defendant, Stephen Costa, is fully competent and capable of

6    entering an informed plea; that he is aware of the nature of

7    the violations and the consequences of his plea based upon his

8    conversations with his attorney and the colloquy before the

9    Court.  I find that the plea is knowing and voluntary and not

10   the result of force, threats or coercion.  I also find the

11   Defendant has entered his plea with the advice and the

12   assistance of effective and competent counsel.

13              Your plea is therefore accepted.  I do find that you

14   violated the requirements of supervised release as indicated in

15   Violation Nos. 1 and 2.

16              I will hear from counsel with recommendations as to

17   sentencing and from the Defendant and Probation.

18              MR. TAMEN:  Your Honor, one thing I think that the

19   Court should be aware of, these two urine tests were just a few

20   days apart, April 30th and May 3rd.  And so when I saw that, I

21   had a question as to whether this represented two different

22   uses of cocaine or whether the second test was residual cocaine

23   from the first use.  So I asked the probation officer to

24   inquire of the lab that did the test and advise as to whether

25   the amount of cocaine metabolism in urine indicated it one way

```
 1   or the other.  And he did secure that report, and I obtained
 2   it, and I forwarded it to Defense counsel.
 3          The lab analyst said that it was inconclusive.  He
 4   basically couldn't say whether the results indicated one use or
 5   two uses.  Given that, we can't -- we have no evidence really
 6   to show a preponderance of the evidence of two uses.  I
 7   recommend that the Court treat this as a single use of cocaine
 8   because that much we do know and impose sentence accordingly.
 9   I'm not recommending any incarceration for a single use of
10   cocaine, but I think that some community service hours might be
11   an appropriate response.
12          THE COURT:  Thank you.
13          Mr. Seitles.
14          MR. SEITLES:  Judge, just to correct the record.  I
15   apologize for not catching this earlier.  The mandatory
16   violation was actually -- the second one was on May 3rd, not
17   May 5th.  I'm sorry I did not catch that earlier.
18          The tests were given both on Friday and then on
19   Monday, so that's why we stated the position Mr. Costa took
20   cocaine on one occasion, and that's where we are today.
21          Again, I would join in Mr. Tamen's recommendation to
22   recommend some sort of community service hours.  Mr. Costa has
23   paid back $450,000 towards his restitution, which is, you know,
24   pretty phenomenal given the fact that you often don't see
25   significant sums of restitution paid.
```

1    So given that, given his family circumstances, he has

2 been undergoing some stress and marital issues.  His ten-year

3 wedding anniversary is on Saturday.  He wouldn't be opposed to

4 any additional -- he sees a psychiatrist, but he would not be

5 opposed to any mental health or drug counseling as part of this

6 supervision; he's got one year remaining.  And, again, of

7 course, he wouldn't be opposed to additional community service

8 hours.

9    But we'd ask for that in lieu of incarceration and in

10 lieu of revocation.  He otherwise has been fully compliant with

11 his supervised release term.  He's been on supervision for

12 approximately two years without any violations whatsoever.

13    And as I earlier indicated, I think one of the most

14 important things is he's paid back $451,000 towards his

15 restitution.

16    So I've spoken to Mr. Costa.  He appreciates the

17 Government's recommendation as to community service hours but

18 does not oppose if the Court believes that there should be some

19 sort of mental health outpatient treatment given his current

20 situation.

21    Thank you, Your Honor.

22    THE COURT:  Thank you.

23    Mr. Costa, I'll hear from you now.

24    THE DEFENDANT:  Yeah, I just -- I'm apologetic.  I'm

25 embarrassed and disappointed in myself because I know all this

1  could have been avoided had I made some better decisions.  And

2  I just apologize.

3        THE COURT:  And is there anything that our probation

4  officer wanted to add or information you wanted to supply?

5        PROBATION OFFICER:  Your Honor, I did speak with -- I

6  did speak with the Government and Defense counsel.  And, again,

7  you know, we are in agreement with the Defense and the

8  Government regarding perhaps enrolling Mr. Costa in a substance

9  abuse treatment program, at least for an evaluation to see if

10  he is in need of treatment services.  At first when he denied

11  it, we didn't recommend it because he was in denial, and the

12  first thing required is admitting drug use.

13        In lieu of this, perhaps we can modify his term to

14  include substance abuse treatment program, outpatient or

15  inpatient, and see if Mr. Costa can get the assistance that he

16  may need.

17        THE COURT:  Thank you.

18        Mr. Seitles, you indicated that the Defendant is

19  seeing a psychologist already; is that right?

20        MR. SEITLES:  He does see a psychiatrist once a month.

21        THE COURT:  All right.  Well, the advisory guidelines

22  here do recommend a sentence of between three to nine months'

23  imprisonment.  I am in agreement with the parties that a

24  nonincarcerative sentence is sufficient and not greater than

25  necessary to achieve the objective of sentencing and to address

1   the factors in 18 U.S. Code, Section 3553.

2              Therefore, it is the judgment of the Court, Mr. Costa,

3   that your term of supervised release is revoked.  You are

4   committed to the custody of the Bureau of Prisons for time

5   served.

6              You will be placed back on supervised release for a

7   term of 24 months with all previously imposed conditions to

8   remain in full force and effect.  In addition, you will serve

9   60 hours of community service during the remainder of your

10  supervision.

11             Now that the sentence has been imposed, does the

12  Defendant or his attorney object to the Court's finding or the

13  manner in which the sentence was announced?

14             MR. SEITLES:  No, Your Honor.  Thank you.

15             THE COURT:  Mr. Costa, you have the right to appeal

16  the conviction and sentence.  Any notice of appeal must be

17  filed within 14 days after entry of the judgment.  If you're

18  unable to pay the cost of an appeal, you may apply for leave to

19  appeal *in forma pauperis*.

20             Is there anything additional?

21             MR. SEITLES:  Your Honor, you had noted during

22  Mr. Costa's sentencing hearing if his restitution was paid in

23  full, you would entertain potentially a motion to discharge the

24  remainder of supervision.  Is that still a possibility?

25             THE COURT:  Yes.

```
1              MR. SEITLES:  Thank you, Your Honor.

2              THE COURT:  Indeed.

3              Gentlemen, you all have a good day.

4              MR. SEITLES:  Thank you, Your Honor.

5              THE COURT:  Thank you.

6              THE DEFENDANT:  Thank you.

7          (The proceedings adjourned at 10:24 a.m.)

8


9
                        C E R T I F I C A T E
10

11       I hereby certify that the foregoing is an

12   accurate transcription of the proceedings in the

13   above-entitled matter.

14

15
     _02/22/2022_
16       DATE                 STEPHANIE A. McCARN, RPR
                              Official United States Court Reporter
17                            400 North Miami Avenue, Twelfth Floor
                              Miami, Florida 33128
18                            (305) 523-5518

19

20

21

22

23

24

25
```